**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| EDNA CRIBBS and JOSEPH A. FELTON, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>Chicago police officers ROBERT CAULFIELD )<br>#11321, BRANDON TERNAND #2717, )<br>THOMAS CREAMER #14562, THOMAS )<br>FENNELL #15220, PATRICK SORAGHAN )<br>#12956, ADAM ALTENBACH #13832, )<br>MELISSA SCHROEDER #16353, RAUL )<br>CASALES JR. #7229, DEAN EWING #8653, )<br>RICKEY W. WASHINGTON #17733, DAWN )<br>LOVE #1437, and other UNKNOWN )<br>CHICAGO POLICE OFFICERS, )<br><br>Defendants. ) | 17CV8620<br><br>Judge<br><br>Magistrate Judge |

**COMPLAINT**

Plaintiffs, EDNA CRIBBS ("CRIBBS") and JOSEPH FELTON ("FELTON"), by and through

their attorneys, the HAMILTON LAW OFFICE, LLC, make the following complaint against

Defendants, Chicago police officers ROBERT CAULFIELD #11321, BRANDON TERNAND

#2717, THOMAS CREAMER #14562, THOMAS FENNELL #15220, PATRICK SORAGHAN

#12956, ADAM ALTENBACH #13832, MELISSA SCHROEDER #16353, RAUL CASALES JR.

#7229, DEAN EWING #8653, RICKEY WASHINGTON #17733, DAWN LOVE #1437, and

other UNKNOWN CHICAGO POLICE OFFICERS ("Defendant OFFICERS"):

**JURISDICTION and VENUE**

1. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law

   of Plaintiffs' rights as secured by the United States Constitution.

2. This Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper under 28 U.S.C. §1391(b) because the events giving rise to the claims asserted in this complaint occurred within this district.

## PARTIES

4. Plaintiff EDNA CRIBBS is a resident of Chicago, Illinois.

5. Plaintiff JOSEPH FELTON is a resident of Chicago, Illinois.

6. CRIBBS is FELTON's mother and the two reside together in a single-family home on South Stewart Avenue in Chicago, Illinois.

7. At all relevant times, Defendant OFFICERS are or were Chicago Police Officers, employed by the City of Chicago, acting under color of law and within the scope of their employment. Should Plaintiffs prevail on their claims, the City of Chicago must indemnify Defendant OFFICERS on Plaintiffs' federal claims pursuant to 735 ILCS 10/9-102.

## FACTS

**May 30, 2016: Defendant Officers Seize Felton and Unlawfully Search Plaintiffs' home**

8. On the morning of May 30, 2016 FELTON was sitting on his front porch at 11231 South Stewart Avenue playing video games with two friends.

9. On May 30, 2016 Defendant Officers CAULFIELD, TERNAND, CREAMER, FENNELL, SORAGHAN, ALTENBACH, SCHROEDER, CASALES, EWING, and LOVE ("May 30th Officers") were on-duty as Chicago police officers and were working together as a team.

10. At approximately 10:00 a.m. on May 30, 2016, Defendants CAULFIELD and TERNAND drove by the Plaintiffs' home on South Stewart Ave.

11. CAUFIELD and TERNAND saw FELTON and his two friends on the front porch, and stopped their car.

12. Neither FELTON nor his friends were violating any law or ordinance as they sat on the porch.

13. FELTON and his friends were not doing or saying anything that gave CAULFIELD or TERNAND any reason to believe they were breaking the law.

14. CAULFIELD and TERNAND exited their police car, entered Plaintiffs' yard through the front gate, and approached the porch.

15. Defendant OFFICERS did not have a warrant permitting them to enter onto Plaintiffs' property.

16. On May 30, 2016, Defendant CAULFIELD knew that FELTON legally owned a firearm and had a valid Illinois Firearm Owners Identification card.

17. When CAULFIELD and TERNAND approached the porch, FELTON immediately informed them that he had his firearm on the porch with him.

18. CAULFIELD immediately seized FELTON's firearm.

19. While CAULFIELD was talking to FELTON on the porch, TERNAND began questioning one of FELTON's friends.

20. When FELTON's friend questioned why TERNAND was there, TERNAND grew angry and slapped an iPad out of his hands causing it to fall to the porch floor and breaking the screen.

21. TERNAND then grabbed FELTON's friend by his hair and pulled him off the porch by his hair.

22. Defendants CREAMER, and FENNELL, SORAGHAN, ALTENBACH, SCHROEDER, CASALES, EWING, and LOVE then converged on Plaintiffs' property.

23. Defendant LOVE is a sergeant and therefore the supervisor of the other May 30th Defendant OFFICERS.

24. TERNAND and CAULFIELD arrested FELTON's two friends.

25. Some of the MAY 30th OFFICERS entered and searched Plaintiffs' home.

26. The MAY 30th OFFICERS did not have a search warrant or consent to search the Plaintiffs' home.

27. From the time that TERNAND and CAULFIELD approached his porch on May 30th, until the MAY 30th OFFICERS left the scene, FELTON was not free to leave.

28. The MAY 30th OFFICERS searching Plaintiffs' home removed drawers and emptied their contents in the middle of each room. The MAY 30th OFFICERS also emptied Plaintiffs' cabinets and left their contents on the kitchen counter.

29. While the police search of the Plaintiffs' home was occurring, CRIBBS returned home from the store.

30. The MAY 30th OFFICERS would not let CRIBBS onto her property.

31. After searching the Plaintiffs' home for an hour and a half, the MAY 30th OFFICERS left, taking FELTON's firearm and his two friends with them.

32. A short time later, FELTON went to the police station and an unknown officer told him he could not get his firearm back unless he signed a complaint against his friend alleging that the friend had stolen the firearm from FELTON.

33. As of the date of filing this complaint, FELTON still has been unable to get his legally owned firearm back from the Chicago Police Department.

34. The MAY 30th OFFICERS created and/or approved false police reports relating to the arrests of FELTON's two friends.

35. The MAY 30th OFFICERS' police reports falsely claimed that one of them possessed FELTON's firearm.

36. The MAY 30th OFFICERS made false statements to other police officers about the circumstances that led to the arrests of FELTON's two friends.

37. The MAY 30th OFFICERS sought felony charges against both of FELTON's friends.

38. A Chicago Police Detective was assigned to investigate the arrests of FELTON's two friends.

39. Both CRIBBS and FELTON cooperated with that investigation and informed the detective of what occurred at their home.

40. After conducting her investigation, the detective reported to her supervisors that she believed TERNAND and CAULFIELD were lying about who possessed the handgun and about how this incident had occurred.

41. On May 31, 2016 the Cook County State's Attorney's Office reviewed the facts of this incident and rejected felony charges for the two men.

42. Both young men were eventually released without any charges being placed against them.

43. An internal affairs investigation was initiated into the conduct of TERNAND and CAULFIELD based on the allegations made against them by Plaintiffs, the CPD Detective assigned to the investigation and FELTON's two friends.

44. Sometime after May 30th, while FELTON was on his front porch being interviewed by the same detective about the May 30th incident, TERNAND and CAUFIELD drove slowly by Plaintiffs' home, staring at FELTON and the detective and attempting to intimidate them.

### June 16, 2016: Retaliatory Search of Plaintiffs' Home

45. Approximately two weeks later, on the morning of June 16, 2016 Defendant Officer WASHINGTON and other UNKNOWN OFFICERS ("JUNE 16th OFFICERS") obtained a search warrant based on false information, authorizing the search of Plaintiffs' home for narcotics.

46. WASHINGTON either knew or should have known that the information he presented to a judge in order to obtain this warrant was false and/or unreliable.

47. On information and belief, this warrant was obtained and the search conducted in retaliation for the allegations of misconduct made against TERNAND and CAULFIELD concerning the May 30th incident.

48. On the afternoon of June 16, 2016, FELTON was sitting in his living room with two friends.

49. At approximately 1:30 p.m., the JUNE 16th OFFICERS went to Plaintiff's home and entered without knocking or announcing that they were present.

50. The JUNE 16th OFFICERS entered Plaintiffs' home without consent or exigent circumstances.

51. Shortly after entering Plaintiffs' home, one or more of the JUNE 16th OFFICERS learned that the information used to obtain the search warrant was false or inaccurate.

52. One of the JUNE 16th OFFICERS told FELTON not to run or they would "shoot him in the back."

53. The JUNE 16th OFFICERS ordered FELTON to lay face down on the floor and handcuffed him with his hands behind his back.

54. When the JUNE 16th OFFICERS handcuffed FELTON, he was not doing anything to resist them and he had not done anything to indicate he was a threat to them.

55. The JUNE 16th OFFICERS then searched Plaintiffs' home.

56. The JUNE 16th OFFICERS emptied the contents of Plaintiffs' drawers onto the floor throughout the house and broke out the bottoms of some of the Plaintiffs' drawers.

57. When they didn't find anything illegal in Plaintiffs' home, one of the JUNE 16th OFFICERS took FELTON into the bathroom and strip-searched him.

58. The JUNE 16th OFFICER that strip searched FELTON ordered FELTON to pull down his pants and move his genitalia.

59. After being strip searched, FELTON was made to sit on the floor with his hands cuffed behind his back.

60. There was nothing illegal in Plaintiffs' home, or on his person, and after two hours the JUNE
16th OFFICERS left.

## COUNT I
### (42 U.S.C. § 1983, Unlawful Seizure)

61. Each of the foregoing paragraphs is incorporated as if fully restated here.

62. As more fully described above, Defendants TERNAND and CAULFIELD seized FELTON, or
caused him to be seized, without probable cause or any other legal justification to do so, in
violation of FELTON's rights under the Fourth Amendment to the United States Constitution.

63. As a direct and proximate result of this illegal seizure FELTON suffered damages, which will be
proven at trial.

**WHEREFORE,** FELTON prays for a judgment against Defendants TERNAND and
CAULFIELD in a fair and just amount sufficient to compensate him for his damages, plus punitive
damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

## COUNT II
### (42 U.S.C. §1983, May 30, 2016 Unlawful Entry and Search)

64. Each of the foregoing paragraphs is incorporated as if fully restated here.

65. As more fully described above, the MAY 30th OFFICERS entered and searched Plaintiff's
property without a warrant or any other legal justification, in violation of the Fourth
Amendment to the United States Constitution.

66. One or more of the MAY 30th OFFICERS was aware of the misconduct of his or her fellow
MAY 30th OFFICERS, had a reasonable opportunity to intervene to prevent it, but failed to do
so.

67. As a direct and proximate result of this unlawful entry and search and failure to intervene,
Plaintiffs suffered damages, which will be proven at trial.

**WHEREFORE,** Plaintiffs pray for a judgment against the MAY 30th OFFICERS in a fair and just amount sufficient to compensate them for their damages, plus punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

**COUNT III**
(42 U.S.C. §1983, May 30, 2016, Supervisor Liability)

68. Each of the foregoing paragraphs is incorporated as if fully restated here.

69. As described above, Defendant LOVE was the supervisor on scene during the search of Plaintiffs' home.

70. As described above, the MAY 30th OFFICERS unlawfully searched Plaintiffs' home in violation of the Fourth Amendment to the United States Constitution.

71. At all relevant times, Defendant LOVE is or was a sergeant and was a supervisory-level police official on the Chicago Police Department. It was the responsibility of Defendant LOVE to supervise the conduct of the other MAY 30th OFFICERS who took part in unlawfully searching Plaintiffs' home.

72. Rather than properly supervising the other MAY 30th OFFICERS, Defendant LOVE condoned the unlawful behavior of the other MAY 30th OFFICERS and failed to take appropriate steps to stop it.

73. As a direct and proximate result of Defendant LOVE's failure to supervise the other MAY 30th OFFICERS, Plaintiffs suffered damages, which will be proven at trial.

**WHEREFORE,** Plaintiffs pray for a judgment against Defendant LOVE in a fair and just amount sufficient to compensate them for their damages, plus punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

**COUNT IV**
(42 U.S.C. § 1983 – First Amendment Retaliation Claim)

74. Each of the foregoing paragraphs is incorporated as if fully restated here.

8

75. As described above, Plaintiffs engaged in activity protected by the First Amendment in reporting the MAY 30th OFFICERS' misconduct.

76. The unlawful entry and search of Plaintiff's home and the unlawful strip search of FELTON deterred Plaintiffs and others from exercising their First Amendment rights of reporting police misconduct and cooperating with any subsequent investigation.

77. The unlawful entry and search of Plaintiff's home and the unlawful strip search of Plaintiff was motivated, at least in part, by Plaintiffs' First Amendment activity.

78. As a direct and proximate result of the Defendant Officers' misconduct, Plaintiffs' suffered damages, which will be proven at trial.

   **WHEREFORE,** Plaintiffs pray for a judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate Plaintiffs' for their damages, plus punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

## COUNT V
(42 U.S.C. § 1983, June 16, 2016 Unlawful Entry and Search)

79. Each of the foregoing paragraphs is incorporated as if fully restated here.

80. As more fully described above, the JUNE 16th OFFICERS entered Plaintiffs' home with a warrant they knew, or reasonably should have known, was issued on false information. Thus, the JUNE 16th OFFICERS' entry into Plaintiffs' home was in violation of Plaintiffs' rights under the Fourth Amendment to the United States Constitution.

81. Alternatively, one or more of the Defendant OFFICERS fabricated the evidence used to obtain the warrant to search Plaintiffs' home.

82. One or more of the Defendant OFFICERS was aware of the misconduct of his or her fellow police officers, had a reasonable opportunity to intervene to prevent it, but failed to do so.

83. As a direct and proximate result of this illegal entry, search and failure to intervene, Plaintiffs suffered damages, which will be proven at trial.

**WHEREFORE,** Plaintiffs pray for a judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate them for their damages, plus punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

**COUNT VI**
(42 U.S.C. § 1983, June 16, 2016 Unlawful Seizure)

84. Each of the foregoing paragraphs is incorporated as if fully restated here.

85. As described above, the JUNE 16th OFFICERS seized FELTON by handcuffing and restraining him without legal justification to do so, in violation of FELTON's rights under the Fourth Amendment to the United States Constitution.

86. One or more of the Defendant OFFICERS was aware of the misconduct of his or her fellow police officers, had a reasonable opportunity to intervene to prevent it, but failed to do so.

87. As a direct and proximate result of the circumstances of this illegal seizure, FELTON has suffered damages, which will be proven at trial.

**WHEREFORE,** FELTON prays for a judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate him for his damages, plus punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

**COUNT VII**
(42 U.S.C. § 1983 Unlawful (Strip) Search)

88. Each of the foregoing paragraphs is incorporated as if fully restated here.

89. As more fully described above one of the JUNE 16th OFFICERS performed a strip search upon FELTON, without legal justification to do so, in violation of the Fourth Amendment to the United States Constitution.

90. One or more of the Defendant OFFICERS was aware of the misconduct of his or her fellow police officers, had a reasonable opportunity to intervene to prevent it, but failed to do so.

91. As a direct and proximate result of this unlawful strip search and failure to intervene, FELTON

suffered damages, which will be proven at trial.

   **WHEREFORE,** FELTON prays for a judgment against the Defendant OFFICERS in a

fair and just amount sufficient to compensate him for his damages, plus punitive damages, as well as

court costs, attorney's fees, and such other relief as is just and equitable.

**CRIBBS and FELTON DEMAND TRIAL BY JURY.**

Respectfully submitted,

EDNA CRIBBS and JOSEPH FELTON, Plaintiffs


By: /s Torreya L. Hamilton
     One of Plaintiffs' Attorneys

HAMILTON LAW OFFICE, LLC
53 West Jackson Boulevard, Suite 452
Chicago, IL 60604
312.726.3173
tlh@thehamiltonlawoffice.com
Attorney No. 6229397


By: /s Thomas P. Needham
     One of Plaintiffs' Attorneys

The Law Office of Thomas P. Needham
53 West Jackson Boulevard, Suite 452
Chicago, Illinois 60604
312.726.3171
tpn@needhamlaw.com
Attorney No. 6188722