IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EDNA CRIBBS and JOSEPH A. FELTON,　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　Plaintiffs,　　　)
　　　　　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　　　　)　　　Case No.  17 C 8620
　　　　　　　　　　　　　　　　　　　　　　)
Chicago police officers ROBERT CAULFIELD　)　　　Judge Chang
#11231, BRANDON TERNAND #2717,　　　　)
THOMAS CREAMER #14562, THOMAS　　　)　　　Magistrate Judge Schenkier
FENNELL #15220, PATRICK SORAGHAN　　)
#12956, ADAM ALTENBACH #13832,　　　　)
MELISSA SCHROEDER #16353, RAUL　　　　)
CASALES JR. #7229, DEAN EWING #8653,　　)
RICKEY W. WASHINGTON #17733, DAWN　)
LOVE #1437, and other UNKNOWN　　　　　)
CHICAGO POLICE OFFICERS,　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　Defendants.　　)

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, Officer Robert Caulfield (Star No. 11231), Officer Thomas Creamer (Star No. 14562), Officer Thomas Fennell (Star No. 15220), Officer Patrick Soraghan (Star No. 12956), Officer Adam Altenbach (Star No. 13832), Officer Melissa Schroeder (Star No. 16353), Officer Raul Casales Jr. (Star No. 7229), Officer Dean Ewing (Star No. 8653), Officer Rickey W. Washington (Star No. 17733), and Sgt. Dawn Love (Star No. 1437) (collectively, "Defendants"), by their attorneys, Maria E. Magginas, David T. Hartmann and Devlin J. Schoop, for their Answer to Plaintiff's Complaint, Affirmative Defenses, and Jury Demand, hereby state as follows:

### JURISDICTION and VENUE

1.　　　This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

**ANSWER**: Defendants admit this action is brought pursuant to 42 U.S.C. §1983, but deny that they engaged in the misconduct alleged herein.

2.     This Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343.

**ANSWER**: Defendants admit that this Court has jurisdiction over this action pursuant to 28 U.S.C.

§§ 1331 and 1343, but deny that they have engaged in the misconduct alleged herein.

3.     Venue is proper under 28 U.S.C. §1391(b) because the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER**: Defendants admit that venue is proper pursuant to 28 U.S.C. §1391(b), but deny that

they have engaged in the misconduct alleged herein.

## PARTIES

4.     Plaintiff EDNA CRIBBS is a resident of Chicago, Illinois.

**ANSWER**: On information and belief, Defendants admit that Plaintiff Edna Cribbs is a resident of

Chicago, Illinois.

5.     Plaintiff JOSEPH FELTON is a resident of Chicago, Illinois.

**ANSWER**: On information and belief, Defendants admit that Plaintiff Joseph Felton is a resident

of Chicago, Illinois.

6.     CRIBBS is FELTON's mother and the two reside together in a single-family home on South Stewart Avenue in Chicago, Illinois.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in this paragraph.

7.     At all relevant times, Defendant OFFICERS are or were Chicago Police Officers, employed by the City of Chicago, acting under color of law and within the scope of their employment. Should Plaintiffs prevail on their claims, the City of Chicago must indemnify Defendant OFFICERS on Plaintiffs' federal claims pursuant to 735 ILCS 10/9-102.

**ANSWER**: Defendants admit that Defendants are or were at all relevant times police officers of the

City of Chicago and were acting within their scope of employment and under color of law but deny

2

they engaged in the misconduct alleged herein. Defendants deny that Plaintiffs' allegations accurately state Illinois law and therefore deny the remaining allegations contained in this paragraph.

## FACTS

8. May 30, 2016: Defendant Officers Seize Felton and Unlawfully Search Plaintiffs' home On the morning of May 30, 2016 FELTON was sitting on his front porch at 11231 South Stewart Avenue playing video games with two friends.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Love and Washington lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph. On information and belief, Defendant Officers Caulfield, Creamer, Fennell, Casales and Ewing deny the allegations in this paragraph.

9. On May 30, 2016 Defendant Officers CAULFIELD, TERNAND, CREAMER, FENNELL, SORAGHAN, ALTENBACH, SCHROEDER, CASALES, EWING, and LOVE ("May 30th Officers ") were on-duty as Chicago police officers and were working together as a team.

**ANSWER**: Defendants admit that on May 30, 2016 they were on-duty as Chicago police officers, but deny the remaining allegations contained in this paragraph.

10. At approximately 10:00 a.m. on May 30, 2016, Defendants CAULFIELD and TERNAND drove by the Plaintiffs' home on South Stewart Ave.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Love and Washington lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph. Defendant Caulfield admits that at approximately 10:00 a.m. on May 30, 2016 that he and Officer Ternand drove past the residence located at 11231 South Stewart Avenue. Defendant Officers Creamer, Fennell, Casales and Ewing admit that at approximately 10:00 a.m. on May 30, 2016 that they, in addition to Officers Caulfield and Ternand, drove past the residence located at 11231 South Stewart. Defendants Caulfield, Creamer, Fennell, Casales and Ewing lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the ownership of 11231 South Stewart.

11.     CAULFIELD and TERNAND saw FELTON and his two friends on the front porch, and stopped their car.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Love, Creamer, Fennell, Casales, Ewing and Washington lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.  Defendant Caulfield admits that he saw two people on the front porch of 11231 South Stewart Avenue, who Defendant Caulfield now knows to be Theric Patrick and Cemone Lewis.  Defendant Caulfield admits that he and Defendant Ternand stopped their car in front of 11231 South Stewart Avenue.  Defendant Caulfield denies the remaining allegations in this paragraph.

12.     Neither FELTON nor his friends were violating any law or ordinance as they sat on the porch.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Love, Creamer, Fennell, Casales, Ewing and Washington lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.  Defendant Caulfield denies the allegations in this paragraph.

13.     FELTON and his friends were not doing or saying anything that gave CAULFIELD or TERNAND any reason to believe they were breaking the law.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Love, Creamer, Fennell, Casales, Ewing and Washington lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph. Defendant Caulfield denies the allegations in this paragraph.

14.     CAULFIELD and TERNAND exited their police car, entered Plaintiffs' yard through the front gate, and approached the porch.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Love, Creamer, Fennell, Casales, Ewing and Washington lack knowledge or information sufficient to form a belief as to the truth or

4

falsity of the allegations contained in this paragraph. Defendant Caulfield admits that he and Defendant Ternand exited their vehicle and approached the two individuals who Defendant Caulfield now knows to be Theric Patrick and Cemone Lewis.

15. Defendant OFFICERS did not have a warrant permitting them to enter onto Plaintiffs' property.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Love and Washington lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph. Defendant Caulfield admits that neither he nor Defendant Ternand were in possession of a warrant when they walked through the opened gate and entered the front yard of the 11231 South Stewart residence, but denies that their entry into the yard was unlawful. Defendants Creamer, Fennell, Casales and Ewing admit that they were not in possession of a warrant when they walked through the opened gate and entered the front yard of the 11231 South Stewart residence, but deny that their entry into the yard was unlawful.

16. On May 30, 2016, Defendant CAULFIELD knew that FELTON legally owned a firearm and had a valid Illinois Firearm Owners Identification card.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Love, Creamer, Fennell, Casales, Ewing and Washington lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph. Defendant Caulfield denies the allegations in this paragraph.

17. When CAULFIELD and TERNAND approached the porch, FELTON immediately informed them that he had his firearm on the porch with him.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Love, Creamer, Fennell, Casales, Ewing and Washington lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph. Defendant Caulfield denies the allegations in this paragraph.

18. CAULFIELD immediately seized FELTON's firearm.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Love, Creamer, Fennell, Casales, Ewing and Washington lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph. Defendant Caulfield denies seizing any firearm from <u>Felton</u> on May 30, 2016, but admits that Defendant Caulfield recovered a firearm from an individual who Defendant Caulfield now knows to be Cemone Lewis.

19. While CAULFIELD was talking to FELTON on the porch, TERNAND began questioning one of FELTON's friends.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Love, Creamer, Fennell, Casales, Ewing and Washington lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph. Defendant Caulfield denies the allegation "[w]hile Caulfield was talking to Felton on the porch," but admits that Defendant Caulfield observed Defendant Ternand begin to speak to an individual who Defendant Caulfield now knows to be Theric Patrick.

20. When FELTON's friend questioned why TERNAND was there, TERNAND grew angry and slapped an iPad out of his hands causing it to fall to the porch floor and breaking the screen.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Love, Creamer, Fennell, Casales, Ewing and Washington lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph. Defendant Caulfield admits that he saw an iPad, but denies the remaining allegations in this paragraph.

21. TERNAND then grabbed FELTON's friend by his hair and pulled him off the porch by his hair.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Love, Creamer, Fennell, Casales, Ewing, Caulfield and Washington lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

     22.    Defendants CREAMER, and FENNELL, SORAGHAN, ALTENBACH, SCHROEDER, CASALES, EWING, and LOVE then converged on Plaintiffs' property.

**ANSWER**:  Defendant Washington was not physically present for any portion of the incident alleged to have transpired on May 30, 2016 at the 11231 South Stewart residence and, therefore, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the alleged incident.  Defendants Love, Soraghan, Schroeder, and Altenbach were not physically present at the 1231 residence until after Theric Patrick and Cemone Lewis were arrested and, therefore, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.  Defendants Creamer, Fennell, Casales and Ewing deny the characterization that they "converged on Plaintiff's property" but admit that after driving past the 11231 South Stewart residence they returned to the residence upon noticing that Officers Caulfield and Ternand had stopped their vehicle in front of the residence and had entered the property.

     23.    Defendant LOVE is a sergeant and therefore the supervisor of the other May 30th Defendant OFFICERS.

**ANSWER**: Defendant Love admits she is and was a sergeant on May 30, 2016, but denies the remaining allegations in this paragraph.  Defendants Caulfield, Creamer, Fennell, Soraghan, Altenbach, Schroeder, Casales, Ewing, and Washington make no answer to this paragraph as the allegations contained in this paragraph of Plaintiff's Complaint are not directed against them.

     24.    TERNAND and CAULFIELD arrested FELTON's two friends.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Love, Casales, Ewing and Washington lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph. Defendants Creamer, Casales, Ewing and Caulfield admit that Defendants Caulfield and Ternand arrested two individuals who they now know to be Theric Patrick and Cemone Lewis, but lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that they are friends of Plaintiff Felton.

25. Some of the MAY 30th OFFICERS entered and searched Plaintiffs' home.

**ANSWER**: Defendant Officer Washington lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph because he was not present on May 30, 2016. Defendant Officers Soraghan, Altenbach, Schroeder, Love, Caulfield, Creamer, Fennell and Casales deny the allegations in this paragraph. Defendant Ewing admits that during the course of the arrest Theric Patrick and Cemone Lewis that he heard what sounded to be a young child crying inside the 11231 residence. Defendant Ewing admits that he briefly entered the 11231 South Stewart residence to perform a well-being check for the minor, but denies searching the 11231 South Stewart residence.

26. The MAY 30th OFFICERS did not have a search warrant or consent to search the Plaintiffs' home.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Love and Washington lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph. Defendants Caulfield, Creamer, Fennell, Casales and Ewing admit that they did not have a search warrant, but deny that the 11231 South Stewart residence was searched.

27. From the time that TERNAND and CAULFIELD approached his porch on May 30th, until the MAY 30th OFFICERS left the scene, FELTON was not free to leave.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Love and Washington lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph. Defendants Caulfield, Creamer, Fennell, Casales and Ewing deny the allegations in this paragraph because Felton was not, to their knowledge, present during the course of the arrest of Theric Patrick and Cemone Lewis on May 30, 2016 at the 11231 South Stewart residence.

28.    The MAY 30th OFFICERS searching Plaintiffs' home removed drawers and emptied their contents in the middle of each room. The MAY 30th OFFICERS also emptied Plaintiffs' cabinets and left their contents on the kitchen counter.

**ANSWER**: All of the Defendants except for Defendant Washington deny the allegations contained in this paragraph. Defendant Washington was not physically present for any portion of the incident alleged to have transpired on May 30, 2016 at the 11231 South Stewart residence and, therefore, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the alleged incident.

29.    While the police search of the Plaintiffs' home was occurring, CRIBBS returned home from the store.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Caulfield, Creamer, Casales, Ewing and Love lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph. Defendant Fennell admits that after Cemone Lewis and Theric Patrick had been placed in handcuffs and arrested, that Fennell saw an African-American female and male present at the residence but lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that those persons were either Edna Cribbs and/or Joseph Felton.

30.    The MAY 30th OFFICERS would not let CRIBBS onto her property.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Love, Caulfield, Creamer, Fennell, Casales, Ewing and Washington lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

31.     After searching the Plaintiffs' home for an hour and a half, the MAY 30th OFFICERS left, taking FELTON's firearm and his two friends with them.

**ANSWER**: All of the Defendants except for Defendant Washington deny that the 11231 South Stewart residence was ever searched on May 30, 2016 as alleged in Paragraphs 28 and 29 above. Further answering, all of the Defendants except for Defendant Washington admit that Theric Patrick and Cemone Lewis were taken from the 11231 South Stewart residence and transported to the police station. Defendants deny the remaining allegations in this paragraph. Defendant Washington lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations as he was not present for the May 30, 2016 incident at the 11231 South Stewart residence.

32.     A short time later, FELTON went to the police station and an unknown officer told him he could not get his firearm back unless he signed a complaint against his friend alleging that the friend had stolen the firearm from FELTON.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Love, Washington, Caulfield, Creamer, Fennell, Casales and Ewing lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

33.     As of the date of filing this complaint, FELTON still has been unable to get his legally owned firearm back from the Chicago Police Department.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Love, Washington, Caulfield, Creamer, Fennell, Casales and Ewing lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

34.    The MAY 30th OFFICERS created and/or approved false police reports relating to the arrests of FELTON's two friends.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Love, Caulfield, Creamer, Fennell, Casales and Ewing deny the allegations contained in this paragraph.  Defendant Washington lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations.

35.    The MAY 30th OFFICERS' police reports falsely claimed that one of them possessed FELTON's firearm.

**ANSWER**:  Defendant Officers Soraghan, Altenbach, Schroeder, Love, Caulfield, Creamer, Fennell, Casales and Ewing deny the allegations contained in this paragraph.  Defendant Washington lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations.

36.    The MAY 30th OFFICERS made false statements to other police officers about the circumstances that led to the arrests of FELTON's two friends.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Love, Caulfield, Creamer, Fennell, Casales and Ewing deny the allegations contained in this paragraph.  Defendant Washington lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations.

37.    The MAY 30th OFFICERS sought felony charges against both of FELTON's friends.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder and Washington lack knowledge or information sufficient to form a belief as to the truth or falsity of these allegations.  Defendants Caulfield and Love admit that felony charges were sought against the individuals who they now knows to be Theric Patrick and Cemone Lewis, but lack knowledge or information sufficient to form a belief as to the truth of the allegation that Felton, Patrick and Cemeone are (were) friends. Upon information and belief, Defendant Officers Creamer, Fennell, Casales and Ewing admit that felony charges were sought against the individuals who they now know to be Theric Patrick and Cemone Lewis.

38.     A Chicago Police Detective was assigned to investigate the arrests of FELTON's two friends.

**ANSWER**: Upon information and belief, Defendants Caulfield, Creamer, Fennell, Soraghan, Altenbach, Casales, Ewing, and Love admit that Chicago Police Detective Beth Svec was assigned to investigate the arrests of Theric Patrick and Cemone Lewis as gun-related charges were being sought against them. Defendants Schroeder and Washington lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

39.     Both CRIBBS and FELTON cooperated with that investigation and informed the detective of what occurred at their home.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Love, Washington, Caulfield, Creamer, Fennell, Casales and Ewing lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

40.     After conducting her investigation, the detective reported to her supervisors that she believed TERNAND and CAULFIELD were lying about who possessed the handgun and about how this incident had occurred.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Caulfield, Creamer, Fennell, Casales, Ewing and Washington lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph. Defendant Love admits Detective Beth Svec reported to her supervisors Detective Svec's belief that Defendants Ternand and Caulfield were lying about who was in possession of the handgun that was recovered during the May 30, 2016 incident at the 11231 South Stewart residence and about how the incident transpired.

41.     On May 31, 2016 the Cook County State's Attorney's Office reviewed the facts of this incident and rejected felony charges for the two men.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder and Washington lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this

paragraph. Defendant Love admits the Cook County State's Attorney's Office rejected felony charges of Theric Patrick and Cemone Lewis, but lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph. Upon information and belief, Defendants Caulfield, Creamer, Fennell, Casales and Ewing admit the Cook County State's Attorney's Office rejected felony charges of Theric Patrick and Cemone Lewis, but lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

42. Both young men were eventually released without any charges being placed against them.

**ANSWER**: Upon information and belief, Defendants admit that Theric Patrick and Cemone Lewis were released without any charges brought against them, but deny the remaining allegations contained in this paragraph.

43. An internal affairs investigation was initiated into the conduct of TERNAND and CAULFIELD based on the allegations made against them by Plaintiffs, the CPD Detective assigned to the investigation and FELTON's two friends.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Washington, Caulfield, Creamer, Fennell, Casales, Love and Ewing lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

44. Sometime after May 30th, while FELTON was on his front porch being interviewed by the same detective about the May 30th incident, TERNAND and CAUFIELD drove slowly by Plaintiffs' home, staring at FELTON and the detective and attempting to intimidate them.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Love, Washington, Creamer, Fennell, Casales and Ewing lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph. Defendant Caulfield admits that once, while on routine patrol, there was an occasion where Defendants Caulfield and Ternand drove down the

13

11200 block South Stewart Avenue, passed by 11231 South Stewart residence, and saw Chicago Police Detective Svec talking to at least one person on the porch of the residence. Defendant Caulfield denies that he and Defendant Ternand "drove slowly" and/or were attempting to "intimidate" anyone.

### June 16, 2016: Retaliatory Search of Plaintiffs' Home

45.     Approximately two weeks later, on the morning of June 16, 2016 Defendant Officer WASHINGTON and other UNKNOWN OFFICERS ("JUNE 16th OFFICERS") obtained a search warrant based on false information, authorizing the search of Plaintiffs' home for narcotics.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Love, Caulfield, Creamer, Fennell, Casales and Ewing lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph as none of them was present during the search warrant execution on June 16, 2016. Defendant Washington admits that on or about June 16, 2016 he applied for and received a search warrant for the premises of 11231 South Stewart Avenue for the purpose to conduct a search for narcotics. Defendant Washington denies the remaining allegations contained in this paragraph.

46.     WASHINGTON either knew or should have known that the information he presented to a judge in order to obtain this warrant was false and/or unreliable.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Love, Caulfield, Creamer, Fennell, Casales and Ewing lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph. Defendant Washington denies the allegations in this paragraph.

47.     On information and belief, this warrant was obtained and the search conducted in retaliation for the allegations of misconduct made against TERNAND and CAULFIELD concerning the May 30th incident.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Love, Caulfield, Creamer, Fennell, Casales and Ewing lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph. Defendants Washington denies the allegations in this paragraph.

48. On the afternoon of June 16, 2016, FELTON was sitting in his living room with two friends.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Love, Caulfield, Creamer, Fennell, Casales, Ewing and Washington lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

49. At approximately 1:30 p.m., the JUNE 16th OFFICERS went to Plaintiff's home and entered without knocking or announcing that they were present.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Love, Caulfield, Creamer, Fennell, Casales and Ewing lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph. Defendant Washington admits that he lawfully entered the residence to execute the search warrant on June 16, 2016, but denies the remaining allegations contained in this paragraph.

50. The JUNE 16th OFFICERS entered Plaintiffs' home without consent or exigent circumstances.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Love, Caulfield, Creamer, Fennell, Casales and Ewing lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph. Defendant Washington admits that he lawfully entered the residence to execute the search warrant and, therefore, did not require consent or exigent circumstances to enter the residence. Defendant Washington, further answering, admits that he did not have a basis (i.e. consent or exigent circumstances) to enter and search the residence independent of the search warrant.

51.    Shortly after entering Plaintiffs' home, one or more of the JUNE 16th OFFICERS learned that the information used to obtain the search warrant was false or inaccurate.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Love, Caulfield, Creamer, Fennell, Casales and Ewing lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph. Defendant Washington denies the allegations contained in this paragraph.

52.    One of the JUNE 16th OFFICERS told FELTON not to run or they would "shoot him in the back."

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Love, Caulfield, Creamer, Fennell, Casales and Ewing lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph. Defendant Washington denies the allegations contained in this paragraph.

53.    The JUNE 16th OFFICERS ordered FELTON to lay face down on the floor and handcuffed him with his hands behind his back.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Love, Caulfield, Creamer, Fennell, Casales and Ewing lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph. Defendant Washington admits that for officer safety Felton was handcuffed while the search warrant for the premises was executed, but lacks knowledge as to the remaining allegations.

54.    When the JUNE 16th OFFICERS handcuffed FELTON, he was not doing anything to resist them and he had not done anything to indicate he was a threat to them.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Love, Caulfield, Creamer, Fennell, Casales and Ewing lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph. Defendant Washington admits that for officer safety

16

persons present in the residence were handcuffed during the execution of the search warrant but denies the remaining allegations in this paragraph.

55. The JUNE 16th OFFICERS then searched Plaintiffs' home.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Love, Caulfield, Creamer, Fennell, Casales and Ewing lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph. Defendant Washington admits that the search warrant was executed on the residence.

56. The JUNE 16th OFFICERS emptied the contents of Plaintiffs' drawers onto the floor throughout the house and broke out the bottoms of some of the Plaintiffs' drawers.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Love, Caulfield, Creamer, Fennell, Casales and Ewing lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph. Defendant Washington admits that the search warrant was executed on the residence, but denies that any property in the residence was damaged as a result of the execution of the search warrant.

57. When they didn't find anything illegal in Plaintiffs' home, one of the JUNE 16th OFFICERS took FELTON into the bathroom and strip-searched him.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Love, Caulfield, Creamer, Fennell, Casales and Ewing lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph. Defendant Washington denies that "they didn't find anything illegal in Plaintiff's home" and further denies that Felton was subjected to a strip search as alleged in this paragraph.

58. The JUNE 16th OFFICER that strip searched FELTON ordered FELTON to pull down his pants and move his genitalia.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Love, Caulfield, Creamer, Fennell, Casales and Ewing lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph. Defendant Washington denies the allegations in this paragraph.

59. After being strip searched, FELTON was made to sit on the floor with his hands cuffed behind his back.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Love, Caulfield, Creamer, Fennell, Casales and Ewing lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph. Defendant Washington denies Felton was subjected to a strip search, but admits that Felton was briefly handcuffed during the execution of the search warrant.

60. There was nothing illegal in Plaintiffs' home, or on his person, and after two hours the JUNE 16th OFFICERS left.

**ANSWER**: Defendant Officers Soraghan, Altenbach, Schroeder, Love, Caulfield, Creamer, Fennell, Casales and Ewing lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph. Defendant Washington denies the allegations in this paragraph.

<u>**COUNT I**</u>
**(42 U.S.C. § 1983, Unlawful Seizure)**

61. Each of the foregoing paragraphs is incorporated as if fully restated here.

**ANSWER**: Defendants restate and incorporate herein their answers to paragraphs 1 through 60.

62. As more fully described above, Defendants TERNAND and CAULFIELD seized FELTON, or caused him to be seized, without probable cause or any other legal justification to do so, in violation of FELTON's rights under the Fourth Amendment to the United States Constitution.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

18

63.    As a direct and proximate result of this illegal seizure FELTON suffered damages, which will be proven at trial.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

## COUNT II
### (42 U.S.C. §1983, May 30, 2016 Unlawful Entry and Search)

64.    Each of the foregoing paragraphs is incorporated as if fully restated here.

**ANSWER**: Defendants restate and incorporate herein their answers to paragraphs 1 through 60.

65.    As more fully described above, the MAY 30th OFFICERS entered and searched Plaintiff's property without a warrant or any other legal justification, in violation of the Fourth Amendment to the United States Constitution.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

66.    One or more of the MAY 30th OFFICERS was aware of the misconduct of his or her fellow MAY 30th OFFICERS, had a reasonable opportunity to intervene to prevent it, but failed to do so.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

67.    As a direct and proximate result of this unlawful entry and search and failure to intervene, Plaintiffs suffered damages, which will be proven at trial.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

## COUNT III
### (42 U.S.C. §1983, May 30, 2016, Supervisor Liability)

68.    Each of the foregoing paragraphs is incorporated as if fully restated here.

**ANSWER**: Defendants restate and incorporate herein their answers to paragraphs 1 through 60.

69.    As described above, Defendant LOVE was the supervisor on scene during the search of Plaintiffs' home.

**ANSWER**: Defendant Love admits that she was the supervisor who approved charges for Theric Patrick and Cemone Lewis but denies the remaining allegations contained in this paragraph as no search was conducted of Plaintiffs' home on May 30, 2016. Defendants Caulfield, Creamer, Fennell,

Soraghan, Altenbach, Schroeder, Casales, Ewing, and Washington make no answer to this paragraph

as the allegations contained in Count III of Plaintiff's Complaint are not directed against them.

70.    As described above, the MAY 30th OFFICERS unlawfully searched Plaintiffs' home
in violation of the Fourth Amendment to the United States Constitution.

**ANSWER**: Defendant Love denies the allegations contained in this paragraph. Defendants

Caulfield, Creamer, Fennell, Soraghan, Altenbach, Schroeder, Casales, Ewing, and Washington make

no answer to this paragraph as the allegations contained in Count III of Plaintiff's Complaint are not

directed against them.

71.    At all relevant times, Defendant LOVE is or was a sergeant and was a supervisory-
level police official on the Chicago Police Department. It was the responsibility of Defendant
LOVE to supervise the conduct of the other MAY 30th OFFICERS who took part in unlawfully
searching Plaintiffs' home.

**ANSWER**: Defendant Love admits that she is and was a sergeant on May 30, 2016 and was a

supervisory-level police official on the Chicago Police Department but denies the remaining

allegations contained in this paragraph. Defendants Caulfield, Creamer, Fennell, Soraghan,

Altenbach, Schroeder, Casales, Ewing, and Washington make no answer to this paragraph as the

allegations contained in Count III of Plaintiff's Complaint are not directed against them.

72.    Rather than properly supervising the other MAY 30th OFFICERS, Defendant
LOVE condoned the unlawful behavior of the other MAY 30th OFFICERS and failed to take
appropriate steps to stop it.

**ANSWER**: Defendant Love denies the allegations contained in this paragraph. Defendants

Caulfield, Creamer, Fennell, Soraghan, Altenbach, Schroeder, Casales, Ewing, and Washington make

no answer to this paragraph as the allegations contained in Count III of Plaintiff's Complaint are not

directed against them.

73.    As a direct and proximate result of Defendant LOVE's failure to supervise the other
MAY 30th OFFICERS, Plaintiffs suffered damages, which will be proven at trial.

**ANSWER**: Defendant Love denies the allegations contained in this paragraph. Defendants Caulfield, Creamer, Fennell, Soraghan, Altenbach, Schroeder, Casales, Ewing, and Washington make no answer to this paragraph as the allegations contained in Count III of Plaintiff's Complaint are not directed against them.

## COUNT IV
### (42 U.S.C. § 1983 – First Amendment Retaliation Claim)

74.     Each of the foregoing paragraphs is incorporated as if fully restated here.

**ANSWER**: Defendants restate and incorporate herein their answers to paragraphs 1 through 60.

75.     As described above, Plaintiffs engaged in activity protected by the First Amendment in reporting the MAY 30th OFFICERS' misconduct.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.

76.     The unlawful entry and search of Plaintiff's home and the unlawful strip search of FELTON deterred Plaintiffs and others from exercising their First Amendment rights of reporting police misconduct and cooperating with any subsequent investigation.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

77.     The unlawful entry and search of Plaintiff's home and the unlawful strip search of Plaintiff was motivated, at least in part, by Plaintiffs' First Amendment activity.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

78.     As a direct and proximate result of the Defendant Officers' misconduct, Plaintiffs' suffered damages, which will be proven at trial.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

## COUNT V
### (42 U.S.C. § 1983, June 16, 2016 Unlawful Entry and Search)

79.     Each of the foregoing paragraphs is incorporated as if fully restated here.

**ANSWER**: Defendants restate and incorporate herein their answers to paragraphs 1 through 60.

80.     As more fully described above, the JUNE 16th OFFICERS entered Plaintiffs' home with a warrant they knew, or reasonably should have known, was issued on false information. Thus,

the JUNE 16th OFFICERS' entry into Plaintiffs' home was in violation of Plaintiffs' rights under the Fourth Amendment to the United States Constitution.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

81.     Alternatively, one or more of the Defendant OFFICERS fabricated the evidence used to obtain the warrant to search Plaintiffs' home.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

82.     One or more of the Defendant OFFICERS was aware of the misconduct of his or her fellow police officers, had a reasonable opportunity to intervene to prevent it, but failed to do so.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

83.     As a direct and proximate result of this illegal entry, search and failure to intervene, Plaintiffs suffered damages, which will be proven at trial.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

## COUNT VI
### (42 U.S.C. § 1983, June 16, 2016 Unlawful Seizure)

84.     Each of the foregoing paragraphs is incorporated as if fully restated here.

**ANSWER**: Defendants restate and incorporate herein their answers to paragraphs 1 through 60.

85.     As described above, the JUNE 16th OFFICERS seized FELTON by handcuffing and restraining him without legal justification to do so, in violation of FELTON's rights under the Fourth Amendment to the United States Constitution.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

86.     One or more of the Defendant OFFICERS was aware of the misconduct of his or her fellow police officers, had a reasonable opportunity to intervene to prevent it, but failed to do so.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

87.     As a direct and proximate result of the circumstances of this illegal seizure, FELTON has suffered damages, which will be proven at trial.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

## COUNT VII
### (42 U.S.C. § 1983 Unlawful (Strip) Search)

88. Each of the foregoing paragraphs is incorporated as if fully restated here.

**ANSWER**: Defendants restate and incorporate herein their answers to paragraphs 1 through 60.

89. As more fully described above one of the JUNE 16th OFFICERS performed a strip search upon FELTON, without legal justification to do so, in violation of the Fourth Amendment to the United States Constitution.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

90. One or more of the Defendant OFFICERS was aware of the misconduct of his or her fellow police officers, had a reasonable opportunity to intervene to prevent it, but failed to do so.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

91. As a direct and proximate result of this unlawful strip search and failure to intervene, FELTON suffered damages, which will be proven at trial.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

### AFFIRMATIVE DEFENSES

1. The Individual Defendants are government officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted said Defendants could have believed their actions to be lawful, in light of clearly established law and the information that said Defendants possessed. The Individual Defendants, therefore, are entitled to qualified immunity as a matter of law.

2. To the extent Plaintiffs failed to mitigate any of their claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in the case.

3. The Individual Defendants cannot be held liable for Plaintiff's 42 U.S.C. § 1983 claims unless

each individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

4. To the extent Plaintiff asserts a federal malicious prosecution claim, such a claim is not cognizable. *Saunders-El v. Rohde*, 778 F.3d 556, 560 (7th Cir. 2015); *Newsome v. McCabe*, 256 F.3d 747, 750 (7th Cir. 2001).

5. The Individual Defendants are absolutely immune from civil liability for their testimony given in judicial proceedings in plaintiff's underlying criminal case. *Briscoe v. LaHue*, 460 U.S. 325, 330-31, 103 S.Ct. 1108, 1113 (1983); *Jurgensen v. Haslinger*, 295 Ill.App.3d 139, 141-42; 692 N.E.2d 347, 349-50 (3rd Dist. 1998); *Curtis v. Bembenek*, 48 F.3d 281, 285 (7th Cir. 1995).

6. The City of Chicago is not liable to Plaintiff for any federal claims for which the Individual Defendants are not liable to Plaintiff. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

## JURY DEMAND

Defendants respectfully demand a trial by jury for all issues so triable.

Respectfully submitted,

*/s/ Devlin J. Schoop*
Assistant Corporation Counsel Supervisor

Devlin J. Schoop, Assistant Corporation Counsel Supervisor
Maria E. Magginas, Assistant Corporation Counsel
David T. Hartmann, Assistant Corporation Counsel
30 N. LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-8335 (PHONE)
(312) 744-6566 (FAX)

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EDNA CRIBBS and JOSEPH A. FELTON, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>Chicago police officers ROBERT CAULFIELD )<br>#11231, BRANDON TERNAND #2717, )<br>THOMAS CREAMER #14562, THOMAS )<br>FENNELL #15220, PATRICK SORAGHAN )<br>#12956, ADAM ALTENBACH #13832, )<br>MELISSA SCHROEDER #16353, RAUL )<br>CASALES JR. #7229, DEAN EWING #8653, )<br>RICKEY W. WASHINGTON #17733, DAWN )<br>LOVE #1437, and other UNKNOWN )<br>CHICAGO POLICE OFFICERS, )<br>)<br>Defendants. ) | Case No. 17 C 8620<br><br>Judge Chang<br><br>Magistrate Judge Schenkier |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

Torreya L. Hamilton
HAMILTON LAW OFFICE, LLC
53 West Jackson Boulevard, Suite 452
Chicago, IL 60604

Thomas P. Needham
The Law Office of Thomas P. Needham
53 West Jackson Boulevard, Suite 452
Chicago, Illinois 60604

    **PLEASE TAKE NOTICE** that on this 26th day of March 2018, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**, a copy of which is herewith served upon you.

    I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means to the person named above at the address shown this 26th day of March 2018.

                            */s/ Devlin J. Schoop*
                            Assistant Corporation Counsel Supervisor