**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| EDNA CRIBBS and JOSEPH A. FELTON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 17 C 8620 |
| | ) | |
| Chicago police officers ROBERT CAULFIELD #11321, BRANDON TERNAND #2717, THOMAS CREAMER #14562, THOMAS FENNELL #15220, PATRICK SORAGHAN #12956, ADAM ALTENBACH #13832, MELISSA SCHROEDER #16353, RAUL CASALES JR. #7229, DEAN EWING #8653, RICKEY W. WASHINGTON #17733, DAWN LOVE #1437, and other UNKNOWN CHICAGO POLICE OFFICERS, | ) ) ) ) ) ) ) ) ) ) ) | Judge Edmond E. Chang |
| Defendants. | ) | |

**DEFENDANT BRANDON TERNAND'S ANSWER AND AFFIRMATIVE DEFENSESTO PLAINTIFF'S COMPLAINT**

Defendant, Brandon Ternand (Mr. Ternand), by his undersigned attorneys, hereby responds as follows to Plaintiff's Complaint:

**ANSWERS**

1. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

**ANSWER:** Mr. Ternand admits this action purports to be brought pursuant to 42 U.S.C. §1983 and denies the remaining allegations contained in Paragraph 1.

2. This Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343.

**ANSWER:** Mr. Ternand admits this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

1

3. Venue is proper under 28 U.S.C. §1391(b) because the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER:** Mr. Ternand admits venue is proper under 28 U.S.C. §1391(b).

4. Plaintiff EDNA CRIBBS is a resident of Chicago, Illinois.

**ANSWER:** Mr. Ternand lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. Plaintiff JOSEPH FELTON is a resident of Chicago, Illinois.

**ANSWER:** Mr. Ternand lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. CRIBBS is FELTON's mother and the two reside together in a single-family home on South Stewart Avenue in Chicago, Illinois.

**ANSWER:** Mr. Ternand lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. At all relevant times, Defendant OFFICERS are or were Chicago Police Officers, employed by the City of Chicago, acting under color of law and within the scope of their employment. Should Plaintiffs prevail on their claims, the City of Chicago must indemnify Defendant OFFICERS on Plaintiffs' federal claims pursuant to 735 ILCS 10/9-102.

**ANSWER:** Mr. Ternand admits the allegations contained in Paragraph 7 as they pertain to him and lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7.

8. On the morning of May 30, 2016 FELTON was sitting on his front porch at 11231 South Stewart Avenue playing video games with two friends.

**ANSWER:** Mr. Ternand lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. On May 30, 2016 Defendant Officers CAULFIELD, TERNAND, CREAMER, FENNELL, SORAGHAN, ALTENBACH, SCHROEDER, CASALES, EWING, and LOVE

2

("May 30th Officers") were on-duty as Chicago police officers and were working together as a team.

**ANSWER:** Mr. Ternand admits that on May 30, 2016 he was an on-duty Chicago police officer, states on information and belief that Defendant Caulfield was an on-duty Chicago police officers, and lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9.

10. At approximately 10:00 a.m. on May 30, 2016, Defendants CAULFIELD and TERNAND drove by the Plaintiffs' home on South Stewart Ave.

**ANSWER:** Mr. Ternand admits that on May 30, 2016, he and Defendant Caulfield drove by a home on South Stewart Street, but lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10.

11. CAUFIELD and TERNAND saw FELTON and his two friends on the front porch, and stopped their car.

**ANSWER:** Mr. Ternand admits that he saw three individuals on the front porch and that they stopped their car, but lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11.

12. Neither FELTON nor his friends were violating any law or ordinance as they sat on the porch.

**ANSWER:** Mr. Ternand denies the allegations contained in Paragraph 12.

13. FELTON and his friends were not doing or saying anything that gave CAULFIELD or TERNAND any reason to believe they were breaking the law.

**ANSWER:** Mr. Ternand denies the allegations contained in Paragraph 13.

14. CAULFIELD and TERNAND exited their police car, entered Plaintiffs' yard through the front gate, and approached the porch.

3

**ANSWER:** Mr. Ternand admits he and Defendant Caulfield exited their police car, entered the yard and approached the porch, but lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14.

15. Defendant OFFICERS did not have a warrant permitting them to enter onto Plaintiffs' property.

**ANSWER:** Mr. Ternand admits that he did not have a warrant permitting him to enter this property, states on information and belief that Defendant Caulfield did not have such a warrant, and lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15.

16. On May 30, 2016, Defendant CAULFIELD knew that FELTON legally owned a firearm and had a valid Illinois Firearm Owners Identification card.

**ANSWER:** Mr. Ternand lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

17. When CAULFIELD and TERNAND approached the porch, FELTON immediately informed them that he had his firearm on the porch with him.

**ANSWER:** Mr. Ternand denies the allegations contained in Paragraph 17 as they pertain to him, and lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17.

18. CAULFIELD immediately seized FELTON's firearm.

**ANSWER:** Mr. Ternand lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.

19. While CAULFIELD was talking to FELTON on the porch, TERNAND began questioning one of FELTON's friends.

**ANSWER:** Mr. Ternand denies the allegations contained in Paragraph 19 as they pertain to him and lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 as they pertain to Defendant Caulfield.

20. When FELTON's friend questioned why TERNAND was there, TERNAND grew angry and slapped an iPad out of his hands causing it to fall to the porch floor and breaking the screen.

**ANSWER:** Mr. Ternand admits that he knocked an iPad out of one individual's hand, and lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21. TERNAND then grabbed FELTON's friend by his hair and pulled him off the porch by his hair.

**ANSWER:** Mr. Ternand admits he grabbed one individual by the hair and tried to pull him forward, and lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22. Defendants CREAMER, and FENNELL, SORAGHAN, ALTENBACH, SCHROEDER, CASALES, EWING, and LOVE then converged on Plaintiffs' property.

**ANSWER:** Mr. Ternand lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23. Defendant LOVE is a sergeant and therefore the supervisor of the other May 30th Defendant OFFICERS.

**ANSWER:** On information and belief, Mr. Ternand states that Defendant Love was a sergeant, and lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.

24. TERNAND and CAULFIELD arrested FELTON's two friends.

**ANSWER:** Mr. Ternand admits he and Defendant Caulfield arrested two individuals, and lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

25. Some of the MAY 30th OFFICERS entered and searched Plaintiffs' home.

**ANSWER:** Mr. Ternand denies the allegations as they pertain to him, and lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25.

26. The MAY 30th OFFICERS did not have a search warrant or consent to search the Plaintiffs' home.

**ANSWER:** Mr. Ternand admits that he did not have a search warrant or consent to search a home, and lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26.

27. From the time that TERNAND and CAULFIELD approached his porch on May 30th, until the MAY 30th OFFICERS left the scene, FELTON was not free to leave.

**ANSWER:** Mr. Ternand denies the allegations as they pertain to him, and lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27.

28. The MAY 30th OFFICERS searching Plaintiffs' home removed drawers and emptied their contents in the middle of each room. The MAY 30th OFFICERS also emptied Plaintiffs' cabinets and left their contents on the kitchen counter.

**ANSWER:** Mr. Ternand denies the allegations as they pertain to him, and lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28.

29. While the police search of the Plaintiffs' home was occurring, CRIBBS returned home from the store.

**ANSWER:** Mr. Ternand denies the allegations as they pertain to him, states on information and belief that a female might have been present at some point, and lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29.

30. The MAY 30th OFFICERS would not let CRIBBS onto her property.

**ANSWER:** Mr. Ternand denies the allegations as they pertain to him, and lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 30.

31. After searching the Plaintiffs' home for an hour and a half, the MAY 30th OFFICERS left, taking FELTON's firearm and his two friends with them.

**ANSWER:** Mr. Ternand denies the allegations as they pertain to him, and lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31.

32. A short time later, FELTON went to the police station and an unknown officer told him he could not get his firearm back unless he signed a complaint against his friend alleging that the friend had stolen the firearm from FELTON.

**ANSWER:** Mr. Ternand lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32.

33. As of the date of filing this complaint, FELTON still has been unable to get his legally owned firearm back from the Chicago Police Department.

**ANSWER:** Mr. Ternand lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 33.

34. The MAY 30th OFFICERS created and/or approved false police reports relating to the arrests of FELTON's two friends.

**ANSWER:** Mr. Ternand denies the allegations as they pertain to him, and lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34.

35. The MAY 30th OFFICERS' police reports falsely claimed that one of them possessed FELTON's firearm.

**ANSWER:** Mr. Ternand denies the allegations as they pertain to him, and lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35.

36. The MAY 30th OFFICERS made false statements to other police officers about the circumstances that led to the arrests of FELTON's two friends.

**ANSWER:** Mr. Ternand denies the allegations as they pertain to him, and lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36.

37. The MAY 30th OFFICERS sought felony charges against both of FELTON's friends.

**ANSWER:** Mr. Ternand admits that he sought felony charges against two individuals, and lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 37.

38. A Chicago Police Detective was assigned to investigate the arrests of FELTON's two friends.

**ANSWER:** Mr. Ternand admits a detective was assigned to investigate the arrest of the two individuals, and lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38.

39. Both CRIBBS and FELTON cooperated with that investigation and informed the detective of what occurred at their home.

**ANSWER:** Mr. Ternand lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 39.

40. After conducting her investigation, the detective reported to her supervisors that she believed TERNAND and CAULFIELD were lying about who possessed the handgun and about how this incident had occurred.

8

**ANSWER:** On information and belief, Mr. Ternand admits the allegations contained in Paragraph 40.

41. On May 31, 2016 the Cook County State's Attorney's Office reviewed the facts of this incident and rejected felony charges for the two men.

**ANSWER:** On information and belief Mr. Ternand admits the allegations contained in Paragraph 41.

42. Both young men were eventually released without any charges being placed against them.

**ANSWER:** On information and belief Mr. Ternand admits the allegations contained in Paragraph 42.

43. An internal affairs investigation was initiated into the conduct of TERNAND and CAULFIELD based on the allegations made against them by Plaintiffs, the CPD Detective assigned to the investigation and FELTON's two friends.

**ANSWER:** Mr. Ternand lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 43.

44. Sometime after May 30th, while FELTON was on his front porch being interviewed by the same detective about the May 30th incident, TERNAND and CAUFIELD drove slowly by Plaintiffs' home, staring at FELTON and the detective and attempting to intimidate them.

**ANSWER:** Mr. Ternand denies the allegations contained in Paragraph 44 as they pertain to him and lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 44.

45. Approximately two weeks later, on the morning of June 16, 2016 Defendant Officer WASHINGTON and other UNKNOWN OFFICERS ("JUNE 16th OFFICERS") obtained a search warrant based on false information, authorizing the search of Plaintiffs' home for narcotics.

**ANSWER:** Mr. Ternand lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 45.

46. WASHINGTON either knew or should have known that the information he presented to a judge in order to obtain this warrant was false and/or unreliable.

**ANSWER:** Mr. Ternand lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 46.

47. On information and belief, this warrant was obtained and the search conducted in retaliation for the allegations of misconduct made against TERNAND and CAULFIELD concerning the May 30th incident.

**ANSWER:** Mr. Ternand denies the allegations of Paragraph 47 as they pertain to him, and lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 47.

48. On the afternoon of June 16, 2016, FELTON was sitting in his living room with two friends.

**ANSWER:** Mr. Ternand lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 48.

49. At approximately 1:30 p.m., the JUNE 16th OFFICERS went to Plaintiff's home and entered without knocking or announcing that they were present.

**ANSWER:** Mr. Ternand lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 49.

50. The JUNE 16th OFFICERS entered Plaintiffs' home without consent or exigent circumstances.

**ANSWER:** Mr. Ternand lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 50.

51. Shortly after entering Plaintiffs' home, one or more of the JUNE 16th OFFICERS learned that the information used to obtain the search warrant was false or inaccurate.

**ANSWER:** Mr. Ternand lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 51.

52. One of the JUNE 16th OFFICERS told FELTON not to run or they would "shoot him in the back."

**ANSWER:** Mr. Ternand lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 52.

53. The JUNE 16th OFFICERS ordered FELTON to lay face down on the floor and handcuffed him with his hands behind his back.

**ANSWER:** Mr. Ternand lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 53.

54. When the JUNE 16th OFFICERS handcuffed FELTON, he was not doing anything to resist them and he had not done anything to indicate he was a threat to them.

**ANSWER:** Mr. Ternand lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 54.

55. The JUNE 16th OFFICERS then searched Plaintiffs' home.

**ANSWER:** Mr. Ternand lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 55.

56. The JUNE 16th OFFICERS emptied the contents of Plaintiffs' drawers onto the floor throughout the house and broke out the bottoms of some of the Plaintiffs' drawers.

**ANSWER:** Mr. Ternand lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 56.

57. When they didn't find anything illegal in Plaintiffs' home, one of the JUNE 16th OFFICERS took FELTON into the bathroom and strip-searched him.

**ANSWER:** Mr. Ternand lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 57.

58. The JUNE 16th OFFICER that strip searched FELTON ordered FELTON to pull down his pants and move his genitalia.

11

**ANSWER:** Mr. Ternand lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 58.

59. After being strip searched, FELTON was made to sit on the floor with his hands cuffed behind his back.
\
**ANSWER:** Mr. Ternand lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 59.

60. There was nothing illegal in Plaintiffs' home, or on his person, and after two hours the JUNE 16th OFFICERS left.

**ANSWER:** Mr. Ternand lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 60.

## COUNT I
### (42 U.S.C. § 1983, Unlawful Seizure)

61. Each of the foregoing paragraphs is incorporated as if fully restated here.

**ANSWER:** Mr. Ternand incorporates his answers to the foregoing paragraphs as if fully restated here.

62. As more fully described above, Defendants TERNAND and CAULFIELD seized FELTON, or caused him to be seized, without probable cause or any other legal justification to do so, in violation of FELTON's rights under the Fourth Amendment to the United States Constitution.

**ANSWER:** Mr. Ternand denies the allegations of paragraph 62 as they pertain to him, and lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 62.

63. As a direct and proximate result of this illegal seizure FELTON suffered damages, which will be proven at trial.

**ANSWER:** Mr. Ternand lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 63.

## COUNT II
### (42 U.S.C. §1983, May 30, 2016 Unlawful Entry and Search)

64. Each of the foregoing paragraphs is incorporated as if fully restated here.

**ANSWER:** Mr. Ternand incorporates his answers to the foregoing paragraphs as if fully restated here.

65. As more fully described above, the MAY 30th OFFICERS entered and searched Plaintiff's property without a warrant or any other legal justification, in violation of the Fourth Amendment to the United States Constitution.

**ANSWER:** Mr. Ternand denies the allegations of paragraph 65 as they pertain to him, and lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 65.

66. One or more of the MAY 30th OFFICERS was aware of the misconduct of his or her fellow MAY 30th OFFICERS, had a reasonable opportunity to intervene to prevent it, but failed to do so.

**ANSWER:** Mr. Ternand denies the allegations of paragraph 66 as they pertain to him, and lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 66.

67. As a direct and proximate result of this unlawful entry and search and failure to intervene, Plaintiffs suffered damages, which will be proven at trial.

**ANSWER:** Mr. Ternand lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 67.

## COUNT III
### (42 U.S.C. §1983, May 30, 2016, Supervisor Liability)

68. Each of the foregoing paragraphs is incorporated as if fully restated here.

**ANSWER:** Mr. Ternand incorporates his answers to the foregoing paragraphs as if fully restated here.

69. As described above, Defendant LOVE was the supervisor on scene during the search of Plaintiffs' home.

ANSWER: Mr. Ternand lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 69.

70. As described above, the MAY 30th OFFICERS unlawfully searched Plaintiffs' home in violation of the Fourth Amendment to the United States Constitution.

ANSWER: Mr. Ternand denies the allegations of Paragraph 70 as they pertain to him, and lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 70.

71. At all relevant times, Defendant LOVE is or was a sergeant and was a supervisory-level police official on the Chicago Police Department. It was the responsibility of Defendant LOVE to supervise the conduct of the other MAY 30th OFFICERS who took part in unlawfully searching Plaintiffs' home.

ANSWER: Mr. Ternand denies that he conducted an unlawful search of any home, states on information and belief states that Defendant Love was a police sergeant, and lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 71.

72. Rather than properly supervising the other MAY 30th OFFICERS, Defendant LOVE condoned the unlawful behavior of the other MAY 30th OFFICERS and failed to take appropriate steps to stop it.

ANSWER: Mr. Ternand denies that he engaged in any unlawful behavior, and lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 72.

73. As a direct and proximate result of Defendant LOVE's failure to supervise the other MAY 30th OFFICERS, Plaintiffs suffered damages, which will be proven at trial.

ANSWER: Mr. Ternand lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 73.

## COUNT IV
### (42 U.S.C. § 1983 – First Amendment Retaliation Claim)

74. Each of the foregoing paragraphs is incorporated as if fully restated here.

**ANSWER:** Mr. Ternand incorporates his answers to the foregoing paragraphs as if fully restated here.

75. As described above, Plaintiffs engaged in activity protected by the First Amendment in reporting the MAY 30th OFFICERS' misconduct.

**ANSWER:** Mr. Ternand lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 75.

76. The unlawful entry and search of Plaintiff's home and the unlawful strip search of FELTON deterred Plaintiffs and others from exercising their First Amendment rights of reporting police misconduct and cooperating with any subsequent investigation.

**ANSWER:** Mr. Ternand denies that he made any unlawful entry or search as alleged in Paragraph 76, and lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 76.

77. The unlawful entry and search of Plaintiff's home and the unlawful strip search of Plaintiff was motivated, at least in part, by Plaintiffs' First Amendment activity.

**ANSWER:** Mr. Ternand denies that he made any unlawful entry or search as alleged in Paragraph 77, and lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 77.

78. As a direct and proximate result of the Defendant Officers' misconduct, Plaintiffs' suffered damages, which will be proven at trial.

**ANSWER:** Mr. Ternand denies that he engaged in any misconduct, as alleged in Paragraph 78, and lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 78.

## COUNT V
### (42 U.S.C. § 1983, June 16, 2016 Unlawful Entry and Search)

79. Each of the foregoing paragraphs is incorporated as if fully restated here.

**ANSWER:** Mr. Ternand incorporates his answers to the foregoing paragraphs as if fully restated here.

80. As more fully described above, the JUNE 16th OFFICERS entered Plaintiffs' home with a warrant they knew, or reasonably should have known, was issued on false information. Thus, the JUNE 16th OFFICERS' entry into Plaintiffs' home was in violation of Plaintiffs' rights under the Fourth Amendment to the United States Constitution.

**ANSWER:** Mr. Ternand lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 80.

81. Alternatively, one or more of the Defendant OFFICERS fabricated the evidence used to obtain the warrant to search Plaintiffs' home.

**ANSWER:** Mr. Ternand denies the allegation contained in Paragraph 81 as they pertain to him, and lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 81.

82. One or more of the Defendant OFFICERS was aware of the misconduct of his or her fellow police officers, had a reasonable opportunity to intervene to prevent it, but failed to do so.

**ANSWER:** Mr. Ternand denies the allegation contained in Paragraph 82 as they pertain to him, and lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 82.

83. As a direct and proximate result of this illegal entry, search and failure to intervene, Plaintiffs suffered damages, which will be proven at trial.

**ANSWER:** Mr. Ternand lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 83.

16

## COUNT VI
### (42 U.S.C. § 1983, June 16, 2016 Unlawful Seizure)

84. Each of the foregoing paragraphs is incorporated as if fully restated here.

**ANSWER:** Mr. Ternand incorporates his answers to the foregoing paragraphs as if fully restated here.

85. As described above, the JUNE 16th OFFICERS seized FELTON by handcuffing and restraining him without legal justification to do so, in violation of FELTON's rights under the Fourth Amendment to the United States Constitution.

**ANSWER:** Mr. Ternand lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 85.

86. One or more of the Defendant OFFICERS was aware of the misconduct of his or her fellow police officers, had a reasonable opportunity to intervene to prevent it, but failed to do so.

**ANSWER:** Mr. Ternand denies the allegations of Paragraph 86 as they pertain to him, and lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 86.

87. As a direct and proximate result of the circumstances of this illegal seizure, FELTON has suffered damages, which will be proven at trial.

**ANSWER:** Mr. Ternand lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 83.

## COUNT VII
### (42 U.S.C. § 1983 Unlawful (Strip) Search)

88. Each of the foregoing paragraphs is incorporated as if fully restated here.

**ANSWER:** Mr. Ternand incorporates his answers to the foregoing paragraphs as if fully restated here.

89. As more fully described above one of the JUNE 16th OFFICERS performed a strip search upon FELTON, without legal justification to do so, in violation of the Fourth Amendment to the United States Constitution.

**ANSWER:** Mr. Ternand lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 89.

90. One or more of the Defendant OFFICERS was aware of the misconduct of his or her fellow police officers, had a reasonable opportunity to intervene to prevent it, but failed to do so.

**ANSWER:** Mr. Ternand lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 90.

91. As a direct and proximate result of this unlawful strip search and failure to intervene, FELTON suffered damages, which will be proven at trial.

**ANSWER:** Mr. Ternand lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 91.

## AFFIRMATIVE DEFENSES

I. At all times material to the events alleged in the Complaint, Mr. Ternand was a government official and performed discretionary functions. As to the federal claims against him, a reasonable police officer objectively viewing the facts and circumstances that confronted Mr. Ternand could have believed his action to be lawful, in light of clearly established constitutional law and the information he possessed. Mr. Ternand is entitled to qualified immunity as a matter of law.

II. Mr. Ternand is not liable for his acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202.

III. To the extent any injuries or damages claimed by plaintiffs were proximately caused by the negligent, willful, wanton, and/or other wrongful conduct on the part of plaintiffs or their agents, any verdict or judgment obtained by him must be reduced by application of the

18

principles of comparative fault, by an amount commensurate with the degree of fault attributed to him by the jury.

WHEREFORE, Defendant requests judgment in his favor and the costs of this action.

DEFENDANT HEREBY REQUESTS A TRIAL BY JURY.

Respectfully submitted,

BY**:** /s/ Eric S. Palles_____
*One of the Attorneys for*
*Defendant Brandon Ternand*

Gary Ravitz
Eric S. Palles
RAVITZ & PALLES, P.C.
203 N. LaSalle St., Ste. 2100
Chicago, Illinois 60601
Phone: (312) 558-1689
Fax: (312) 277-3737